**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROTHWELL, LTD., | No. 11-56430 |
| Plaintiff - Appellant, | D.C. No. 8:10-cv-00479-RGK-FFM |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted April 12, 2013
Pasadena, California

Before: M. SMITH and MURGUIA, Circuit Judges, and ZOUHARY, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[*]    The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

1

Plaintiff-Appellant Rothwell, Ltd. held legal title to a $20 million securities account that was levied upon by the Internal Revenue Service ("IRS") to satisfy the tax obligations of one Joseph Francis. The IRS executed the levy under the theory that Rothwell owned the assets for Francis' benefit as his nominee.

Rothwell challenges the levy under 26 U.S.C. § 7426, which permits challenges to levies by any person with an interest in the levied property (other than the deficient taxpayer), alleging that Francis was not the true owner of the account. Following a three-day bench trial in June 2011, the district court held the levy lawful, finding Rothwell owned the account as Francis' nominee. Rothwell argues on appeal that the district court improperly applied federal factors in determining nominee ownership.

We review de novo the district court's interpretation of state law. *Salve Regina Coll. v. Russell*, 499 U.S. 225, 231 (1991). We review the district court's findings of fact for clear error. *Id.* A finding of fact is clearly erroneous if it is (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from facts in the record. *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010) (citation and quotes omitted).

"Property is wrongfully levied if it does not, in whole or part, belong to the taxpayer against whom the levy originated." *Arth v. United States*, 735 F.2d 1190, 1193 (9th Cir. 1984). When determining whether a taxpayer holds rights in property for purposes of a tax levy, we look initially to state law -- here, California -- to

2

determine "what rights the taxpayer has in the property the Government seeks to reach," and then "to federal law to determine whether the taxpayer's state-delineated rights qualify as 'property' or 'rights to property'" for purposes of federal taxation. *Drye v. United States*, 528 U.S. 49, 58 (1999). Federal law "control[s] the ultimate issue whether a taxpayer has a beneficial interest in any property subject to levy for unpaid federal taxes." *Id.* at 57.

A taxpayer retains a beneficial interest in property when a third party, known as a nominee, "holds bare legal title to property for the benefit of [the taxpayer]." *Scoville v. United States*, 250 F.3d 1198, 1202 (8th Cir. 2001). Determining whether a party is a nominee involves questions of state and federal law. *Drye*, 528 U.S. at 58. As we hold in a companion opinion filed June 13, 2013: "California law recognizes a nominee theory of property ownership," and "if the California Supreme Court had occasion to evaluate the factors relevant to determining nominee ownership under California law, it would adopt the uniform set of factors generally recognized by federal courts." *Fourth Investment LP v. United States*, No. 11-56997, slip op. at 20–21 (9th Cir. 2013). Therefore, we hold the district court committed no error by applying the federal factors in making its nominee determination.

We next turn to the district court's findings of fact in support of its determination that Rothwell was Francis' nominee. Several of the federal factors (one, three, five and six in particular, *see Fourth Investment*, slip op. at 21–22) weigh

3

heavily against Rothwell. First, the relationship between Rothwell and Francis was extremely close -- there was significant overlap in management between Rothwell and Francis' businesses, and testimony and evidence introduced at trial indicated that Francis was able to effectively control Rothwell's assets despite his lack of formal, personal ownership. This control is best illustrated by the purchase of property in Mexico, completed at Francis' direction with funds from Rothwell. Rothwell was funded, in turn, by assets transferred into the levied account from Francis' corporations. Second, Francis continues to possess and enjoy the benefits of this property, without a lease or paying rent, and has built a home on it that serves only as his personal residence. Third, Rothwell paid no consideration for the transfers of funds provided by Francis into the levied account. These facts, considered in light of the totality of the circumstances, support finding that Rothwell was Francis' nominee. *See Dalton v. Comm'r of Internal Revenue*, 682 F.3d 149, 158 (1st Cir. 2012). Accordingly, we affirm the district court.

**AFFIRMED.**